# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NANCY GREEN,**

    Plaintiff,

-vs-          Case No. 13-C-1218

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## DECISION AND ORDER

Nancy Green appeals from the denial of her application for Disability Insurance Benefits and Supplemental Security Income. The Administrative Law Judge found that Green suffered from the following severe impairments: polyarthralgias[1] of uncertain etiology (alternately diagnosed as an unspecified connective tissue disease, possible lupus or rheumatoid arthritis, and other diagnoses), obesity, and depression. However, the ALJ also found that Green retained the residual functional capacity to perform light work with certain limitations, and therefore could perform work that existed in significant numbers in the national economy.

To uphold the denial of benefits, the ALJ's decision must be supported

---

[1] Polyarthralgia is defined as "aches in the joints, joint pains, arthralgia of multiple joints, and multiple joint pain." http://www.disabled-world.com/health/orthopedics/polyarthralgia.php (last visited 7/10/15).

by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). To determine whether substantial evidence exists, the Court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses. *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014).

First, Green argues that the ALJ erred by not incorporating the full range of limitations imposed by state agency psychologist Dr. Thomas Lehmann into the RFC. Dr. Lehmann wrote that Green

> appears to have a below average ability to understand, remember, or carry out even simple job instructions. She has an average ability to respond appropriately to supervisors or coworkers. She has a low average ability to maintain concentration, attention, and pace on an uncomplicated sequential task. She appears to have a below average ability to withstand the stress of a routine workday or adapt to changes and becomes anxious easily on the phase of stress. (R. 424).

The ALJ assigned this opinion "significant weight." R. 29. However, the hypothetical posed to the vocational expert was for an individual who could perform simple, routine tasks with no fast-paced work requirements, and was able to occasionally interact with coworkers and supervisors.

The Commissioner concedes that the ALJ did not adopt the full range of limitations set forth by Dr. Lehmann. The Commissioner argues that the

- 2 -

ALJ was not required to adopt Dr. Lehmann's opinion "wholesale," and suggests that the ALJ "synthesized" multiple opinions (including that of Dr. Lehmann) into his RFC. However, the hypothetical presented to the VE must include *all* limitations supported by medical evidence in the record. *Young v. Barnhart*, 362 F.3d 995, 1003 (7th Cir. 2004). Conversely, if the ALJ believed only some portion of Dr. Lehmann's opinion was entitled to significant weight, the ALJ was obliged to explain why he rejected certain limitations set forth therein. In this manner, the ALJ failed to build a logical bridge from the evidence to his RFC — for example, that Green could perform simple, routine tasks over the course of an 8-hour workday, even in spite of Dr. Lehmann's opinion that Green had "low average" ability to maintain concentration and pace. *See Shielder v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

Green also challenges the ALJ's credibility finding. Courts defer to a credibility finding that is not patently wrong, but the ALJ "still must competently explain an adverse-credibility finding with specific reasons 'supported by the record.'" *Engstrand v. Colvin*, 2015 WL 3505585, at *4 (7th Cir. June 4, 2015) (quoting *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015)). "An erroneous credibility finding requires remand unless the claimant's testimony is incredible on its face or the ALJ explains that the decision did not depend on the credibility finding." *Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014).

The ALJ wrote that Green's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 25. This is the infamous boilerplate language deemed meaningless by the Seventh Circuit. *See Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012). The "assessment of a claimant's ability to work will often (and in the present case) depend heavily on the credibility of her statements concerning the 'intensity, persistence and limiting effects' of her symptoms, but the passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards." *Bjornson v. Astrue*, 671 F.3d 650, 645 (7th Cir. 2012).

Aside from using the boilerplate, the ALJ's credibility finding is problematic because he essentially ignored Green's testimony and other statements in the record. For example, Green testified about limitations with the use of her hands and fingers, day-to-day pain exacerbation, her inability to stand or walk for prolonged periods of time, depression symptoms, and the extent of pain in her hips, back, and hands. R. 71-72, 74-75, 79-80, 86-87. An ALJ is not required to address every piece of evidence in the record, but he cannot "ignore an entire line of evidence that is contrary to his ruling."

- 4 -

*Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). The ALJ also suggested that Green's testimony was not credible because she lost her job due to downsizing, not her disability. However, when questioned on this topic by the ALJ, Green testified that she was going to leave her job because of her disability even if it hadn't been downsized. R. 68.

Finally, the ALJ did not adequately evaluate the opinion of Dr. Alison Lux. This opinion was entitled to deference because Dr. Lux was a treating physician. *See* 20 C.F.R. § 404.1527(c)(2) (listing factors for evaluating treating source opinion).

For all of the foregoing reasons, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 13th day of July, 2015.

**SO ORDERED:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**